UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

**MARK MONDRAGON o/b/o**
**D.M., a minor child,**

       Plaintiff,

vs.                                            No.  1:21-CV-00427 SMV/KRS

**RIO RANCHO PUBLIC SCHOOLS**
**BOARD OF EDUCATION and**
**GEORGE ARCHULETA, in his**
**individual and official capacity,**

       Defendants.

**DEFENDANT GEORGE ARCHULETA'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT, AND JURY DEMAND**

COMES NOW Defendant George Archuleta (hereinafter "Defendant Archuleta"), by and through counsel, Quiñones Law Firm LLC (Carlos M. Quiñones, Esq.), and hereby files his Answer and Affirmative Defenses to Plaintiff's Complaint (hereinafter "Complaint") and Jury Demand, as follows:

**JURISDICTION AND VENUE**

1. As to the statements in Paragraphs 1 and 2 of the Complaint, Defendant Archuleta admits that venue and jurisdiction are proper before the United States District Court, District of New Mexico and denies any other or contrary inference.

2. Defendant Archuleta is without sufficient information or knowledge to admit or deny the statements in Paragraph 3 of the Complaint, and therefore denies the same.

## PARTIES

3. Defendant Archuleta is without sufficient information or knowledge to admit or deny the statements in Paragraphs 4 and 5 of the Complaint, and therefore denies the same.

4. The statements in Paragraph 6 of the Complaint are directed at another party, requiring no response thereto.

5. Defendant admits the first sentence of Paragraph 7 of the Complaint. The second sentence of Paragraph 7 requires no response thereto. Defendant Archuleta denies the third sentence of Paragraph 7 and affirmatively states he was employed as a "campus security aide" at V. Sue Cleveland High School.

## STATEMENT OF FACTS

6. As to the statements in Paragraph 8 of the Complaint, Defendant Archuleta admits the second sentence thereto; is without sufficient information or knowledge to admit or deny the statements in the first and third sentences in Paragraph 8 and therefore denies the same; and denies the fourth and last sentence of Paragraph 8.

7. Defendant Archuleta denies the statements in Paragraphs 9, 10, 11, 12, 13, 17, 18, 19, 20, 21 and 22 of the Complaint.

8. Defendant Archuleta is without sufficient information or knowledge to admit or deny the statements in Paragraphs 14, 15 and 23 of the Complaint, and therefore denies the same.

9. The statements in Paragraph 16 of the Complaint contain legal assertions and/or legal conclusions, requiring no response thereto. To the extent any answer is required, Defendant Archuleta admits the same.

## COUNT I:
### Violation of 42 U.S.C. Sec. 1983, Illegal Search and Seizure under the Fourth Amendment
### Against Defendant Archuleta in his Individual Capacity

10. Defendant Archuleta fully incorporates by reference his answers to Paragraphs numbered 1 through 23 of the Complaint as if fully set forth herein.

11. The statements in Paragraphs 25 and 26 of the Complaint contain legal assertions and/or legal conclusions, requiring no response thereto.

12. Defendant Archuleta denies the statements in Paragraphs 27, 28, 29, 30, 31, 32 and 33 of the Complaint.

## COUNT II:
### Violations of N.M. Tort Claims Act NMSA 1978 § 41-4-12
### Against George Archuleta and Rio Rancho Public Schools Board of Education

13. Defendant Archuleta fully incorporates by reference his answers to Paragraphs numbered 1 through 33 of the Complaint as if fully set forth herein.

14. Defendant Archuleta admits the statements in Paragraphs 35 and 36 of the Complaint.

15. The statements in Paragraph 37 of the Complaint contain legal assertions and/or legal conclusions, requiring no response thereto.

16. Defendant Archuleta denies the statements in Paragraphs 38, 39 and 40 of the Complaint.

## COUNT III:
### Violation of N.M. Tort Claims Act § 41-4-12
### Against Rio Rancho Public Schools Board of Education

17. Defendant Archuleta fully incorporates by reference his answers to Paragraphs numbered 1 through 40 of the Complaint as if fully set forth herein.

18. The statements in Paragraphs 42, 43, 44, 45, 46 and 47 of the Complaint are directed at a party other than Defendant Archuleta, requiring no response thereto. To the extent any answers are required and the allegations are directed at him, Defendant Archuleta denies the same.

## COUNT IV:
### Violation of N.M. Tort Claims Act § 41-4-6
### Against George Archuleta and Rio Rancho Public Schools Board of Education

19. Defendant Archuleta fully incorporates by reference his answers to Paragraphs numbered 1 through 47 of the Complaint as if fully set forth herein.

20. To the extent they are directed at him, Defendant Archuleta denies the statements in Paragraphs 49, 50, 51, 52, 53, 54, 55 and 56 of the Complaint.

21. Defendant Archuleta denies Plaintiff is entitled to his "Request for Relief" following the "Jury Demand" portion of the Complaint.

## DEFENDANT ARCHULETA'S JURY DEMAND

22. Defendant Archuleta hereby demands trial by a jury of peers on all triable issues.

## AFFIRMATIVE DEFENSES

The following affirmative defenses apply to each and every paragraph of the Complaint as if fully set forth in response thereto.

## FIRST AFFIRMATIVE DEFENSE

As a separate and alternative defense, the Complaint, in whole or in part, fails to state a claim(s) upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

As a separate and alternative defense, Plaintiff's damages, if any, and which are specifically denied, are barred or reduced to the extent Plaintiff has failed to mitigate said damages.

**THIRD AFFIRMATIVE DEFENSE**

As a separate and alternative defense, Defendant Archuleta's alleged actions in this matter do not rise to the level of any constitutional or statutory deprivation or violation.

**FOURTH AFFIRMATIVE DEFENSE**

As a separate and alternative defense, at all times material to this lawsuit, Defendant Archuleta did not act with deliberate indifference to Plaintiff's rights or welfare.

**FIFTH AFFIRMATIVE DEFENSE**

As a separate and alternative defense, any purported damages by Plaintiff are the result of his own negligence, misconduct, and/or conduct, acts or omissions, which conduct either bars Plaintiff's claims or reduces their claims in an amount to be determined at trial.

**SIXTH AFFIRMATIVE DEFENSE**

As a separate and alternative defense, and as may be borne out by discovery, some or all of Plaintiff's alleged damages, which are specifically denied, are or may be the result of the acts or omissions of parties other than Defendant Archuleta, thereby barring or reducing recovery against Defendant Archuleta.

**SEVENTH AFFIRMATIVE DEFENSE**

As a separate and alternative defense, as may be borne out by discovery, the acts or omissions of parties other than Defendant Archuleta constitute or may constitute the sole proximate cause of the injuries and damages, if any and which are specifically denied, alleged by Plaintiff.

**EIGHTH AFFIRMATIVE DEFENSE**

As a separate and alternative defense, and as may be borne out by discovery, Plaintiff's claims are barred, in whole or in part, by the doctrines of consent, waiver, estoppel and/or unclean hands.

**NINTH AFFIRMATIVE DEFENSE**

As a separate and alternative defense, as may be borne out by discovery, Plaintiff's alleged damages, if any, and which are specifically denied, are or may be the result of preexisting injuries and/or conditions.

**TENTH AFFIRMATIVE DEFENSE**

As a separate and alternative defense, Defendant Archuleta, as part of "the state and its political subdivisions," is or may be exempt from pre-judgment and post-judgment interest "except as otherwise provided by statute or common law." *See* NMSA § 56-8-4(D).

**ELEVENTH AFFIRMATIVE DEFENSE**

As a separate and alternative defense, Plaintiff's claims for damages, interest and attorney's fees under state law are barred or limited by the provisions of the New Mexico Tort Claims Act.

## TWELFTH AFFIRMATIVE DEFENSE

As a separate and alternative defense, and as may be borne out by discovery, Plaintiff's claims are barred, in whole or in part, by his failure to exhaust administrative remedies.

## THIRTEENTH AFFIRMATIVE DEFENSE

As a separate and alternative defense, Defendant Archuleta is or may be entitled to qualified and/or absolute immunity.

## FOURTEENTH AFFIRMATIVE DEFENSE

As a separate and alternative defense, to the extent Plaintiff seeks punitive damages against Defendant Archuleta in his individual capacity, none of the acts or failures to act by Defendant Archuleta, which are specifically denied, state or substantiate any claim or entitlement to punitive damages.

## FIFTEENTH AFFIRMATIVE DEFENSE

As a separate and alternative defense, to the extent Plaintiff seeks punitive damages against Defendant Archuleta, Plaintiff is not entitled to any award of punitive damages and/or to any excessive award of punitive damages under the United States Constitution and the New Mexico Constitution.

## SIXTEENTH AFFIRMATIVE DEFENSE

As a separate and alternative defense, and as may be borne out by discovery, Defendant Archuleta did not personally participate in some or all of the factual issues and conduct alleged in the Complaint. *See Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1248 (2009) ("[b]ecause vicarious liability is inapplicable to *Bivens* and § 1983 suits, a

plaintiff must plead each government-official defendant, through the official's own individual actions, has violated the Constitution.").

### SEVENTEENTH AFFIRMATIVE DEFENSE

As a separate and alternative defense, and as may be borne out by discovery, Plaintiff's state law claims are barred, in whole or in part, to the extent that immunity for such claims has not been waived under the New Mexico Tort Claims Act.

### EIGHTEENTH AFFIRMATIVE DEFENSE

As a separate and alternative defense, and as may be borne out by discovery, some or all of Plaintiff's claims are or may be barred by the applicable statute(s) of limitation and/or administrative deadlines.

### NINETEENTH AFFIRMATIVE DEFENSE

As a separate and alternative defense, Defendant Archuleta reserves the right to assert additional affirmative defenses as may become known during the course of litigation.

WHEREFORE, having answered the Complaint, Defendant Archuleta requests the Court dismiss Plaintiff's Complaint with prejudice, that Plaintiff take nothing, that Defendant Archuleta be awarded his costs and fees as may be allowed by law, and for such other and further relief as the Court may deem just and proper.

Respectfully submitted,

**QUIÑONES LAW FIRM LLC**

By: Electronically Filed /s/ Carlos M. Quiñones
   CARLOS M. QUIÑONES, ESQ.
   1223 S. Saint Francis Dr., Ste. C
   Santa Fe, NM  87505
   (505) 992-1515   (505) 992-1714 (fax)
   *Attorney for Defendant George Archuleta*

It is hereby certified that undersigned counsel filed the foregoing electronically through the CM/ECF system on May 13, 2021, which caused the following counsel to be served by electronic means:

Jason Bowles, Esq.
Bowles Law Firm
4811 Hardware Dr. NE, Ste. D-5
Albuquerque, NM 87109
(505) 217-2680

and

Robert Gorrence, Esq.
300 Central Ave. NW, Ste. 1000-E
Albuquerque, NM 87102
(505) 244-0214

and

Todd J. Bullion, Esq.
300 Central Ave. NW, Ste. 1000-E
Albuquerque, NM 87102
(505) 452-7674
*Attorneys for Plaintiffs*

Jerry A. Walz, Esq.
Walz & Associates
133 Eubank Blvd. NE
Albuquerque, NM 87123-2709
(505) 275-1800
*Attorneys for Defendant Rio Rancho Public Schools Board Education*

  Electronically Filed /s/ Carlos M. Quiñones__
CARLOS M. QUIÑONES

9