IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MARK MONDRAGON o/b/o
D.M. a minor child,

    Plaintiffs,

vs.                                                 Case No. 1:21-CV-00427 SMV/KRS

RIO RANCHO PUBLIC SCHOOLS,
BOARD OF EDUCATION and
GEORGE ARCHULETA in his
Individual and official capacity,

    Defendants.

## RIO RANCHO PUBLIC SCHOOLS AND BOARD OF EDUCATION'S ANSWER TO PLAINTIFFS' COMPLAINT

COME NOW Defendants Rio Rancho Public Schools and Board of Education ("RRPS Defendants"), by and through counsel, Jerry A. Walz, Walz and Associates, P.C., and hereby answer Plaintiffs' Complaint as follows:

### JURISDICTION AND VENUE

1.     Upon information and belief RRPS Defendants admit paragraph 1.

2.     Paragraph 2 sets forth a legal conclusion to which an answer is generally not required. To the extent that an answer is required, RRPS Defendants are without sufficient information or belief to admit or deny and therefore deny same.

3.     RRPS Defendants are without sufficient information or belief to admit or deny the allegations of paragraph 3 and therefore deny same.

### PARTIES

4.     RRPS Defendants are without sufficient information or belief to admit or deny the allegations of paragraph 4 and therefore deny same.

5. RRPS Defendants are without sufficient information or belief to admit or deny the allegations of paragraph 5 and therefore deny same.

6. RRPS Defendants admit paragraph 6.

7. RRPS Defendants are without sufficient information or belief to admit or deny the allegations of paragraph 7 and therefore deny same.

## STATEMENT OF FACTS

8. RRPS Defendants deny the allegation that "Starting in 9th grade of high school and throughout D.M.'s 10th grade he was repeatedly subjected to unlawful and pretextual searches for drugs on his person by a security guard employed by V. Sue Cleveland High School, George Archuleta." RRPS Defendants admit that V. Sue Cleveland High School is located at 4800 Cleveland Heights Rd. NE, Rio Rancho, NM 87144. RRPS Defendants are without sufficient information or belief to admit or deny the remaining allegations of paragraph 8 and therefore deny same.

9. RRPS Defendants deny paragraph 9.

10. RRPS Defendants deny paragraph 10.

11. RRPS Defendants deny paragraph 11.

12. RRPS Defendants deny paragraph 12.

13. RRPS Defendants deny paragraph 13.

14. RRPS Defendants are without sufficient information or belief to admit or deny paragraph 14 and therefore deny same.

15. RRPS Defendants deny paragraph 15.

16. RRPS Defendants are without sufficient information or belief to admit or deny paragraph 16 and therefore deny same.

17. RRPS Defendants deny paragraph 17.

18. RRPS Defendants deny paragraph 18.

19. RRPS Defendants are without sufficient information or belief to admit or deny paragraph 19 and therefore deny same.

20. RRPS Defendants are without sufficient information or belief to admit or deny paragraph 20 and therefore deny same.

21. Paragraph 21 of the complaint sets forth a legal conclusion to which an answer is generally not required. To the extent that an answer is required, RRPS Defendants are without sufficient information or belief to admit or deny and therefore deny same.

22. RRPS Defendants deny paragraph 22.

23. RRPS Defendants are without sufficient information or belief to admit or deny paragraph 23 and therefore deny same.

**COUNT I:**
**Violation of 42 U.S.C. sec. 1983, Illegal Search and Seizure**
**under the Fourth Amendment**
**Against Defendant Archuleta in his Individual Capacity**

24. RRPS Defendants incorporate their previous answers as if set out fully herein.

25. Paragraph 25 of the complaint sets forth a legal conclusion to which an answer is generally not required. To the extent that an answer is required, RRPS Defendants are without sufficient information or belief to admit or deny and therefore deny same.

26. Paragraph 26 of the complaint sets forth a legal conclusion to which an answer is generally not required. To the extent that an answer is required, RRPS Defendants are without sufficient information or belief to admit or deny and therefore deny same.

27. Paragraph 27 of the complaint sets forth a legal conclusion to which an answer is generally not required. To the extent that an answer is required, RRPS Defendants are without sufficient information or belief to admit or deny and therefore deny same.

28. Paragraph 28 of the complaint sets forth a legal conclusion to which an answer is generally not required. To the extent that an answer is required, RRPS Defendants are without sufficient information or belief to admit or deny and therefore deny same.

29. RRPS Defendants deny paragraph 29.

30. Paragraph 30 of the complaint sets forth a legal conclusion to which an answer is generally not required. To the extent that an answer is required, RRPS Defendants are without sufficient information or belief to admit or deny and therefore deny same.

31. Paragraph 31 of the complaint sets forth a legal conclusion to which an answer is generally not required. To the extent that an answer is required, RRPS Defendants are without sufficient information or belief to admit or deny and therefore deny same.

32. RRPS Defendants deny paragraph 32.

33. RRPS Defendants deny paragraph 33.

### COUNT II:
### Violation of N.M. Tort Claims Act NMSA 1978 § 41-4-12
### Against George Archuleta and Rio Rancho Public Schools Board of Education

34. RRPS Defendants incorporate their previous answers as if set out fully herein.

35. RRPS Defendants are without sufficient information or belief to admit or deny the allegations of paragraph 35 and therefore deny same.

36. RRPS Defendants are without sufficient information or belief to admit or deny the allegations of paragraph 36 as paraphrased and therefore deny same.

37. Paragraph 37 of the complaint sets forth a legal conclusion to which an answer is generally not required. To the extent that an answer is required, RRPS Defendants are without sufficient information or belief to admit or deny and therefore deny same.

38. Paragraph 38 of the complaint sets forth a legal conclusion to which an answer is generally not required. To the extent that an answer is required, RRPS Defendants are without sufficient information or belief to admit or deny and therefore deny same.

39. Paragraph 39 of the complaint sets forth a legal conclusion to which an answer is generally not required. To the extent that an answer is required, RRPS Defendants are without sufficient information or belief to admit or deny and therefore deny same.

40. RRPS Defendants deny paragraph 40.

### COUNT III:
### Violation of N.M. Tort Claims Act § 41-4-12
### Against Rio Rancho Public Schools Board of Education

41. RRPS Defendants incorporate their previous answers as if set out fully herein.

42. RRPS Defendants admit Mr. Archuleta was employed by the school district as a security guard. RRPS Defendants are without sufficient information or belief to admit or deny the remaining allegations of paragraph 42 as paraphrased and therefore deny same.

43. RRPS Defendants deny paragraph 43.

44. Paragraph 44 of the complaint sets forth a legal conclusion to which an answer is generally not required. To the extent that an answer is required, RRPS Defendants are without sufficient information or belief to admit or deny and therefore deny same.

45. RRPS Defendants deny paragraph 45.

46. Paragraph 46 of the complaint sets forth a legal conclusion to which an answer is generally not required. To the extent that an answer is required, RRPS Defendants are without sufficient information or belief to admit or deny and therefore deny same.

47. RRPS Defendants deny paragraph 47.

## COUNT IV:
### Violation of N.M. Tort Claims Act § 41-4-6
### Against George Archuleta and Rio Rancho Public Schools Board of Education

48. RRPS Defendants incorporate their previous answers as if set out fully herein.

49. RRPS Defendants admit paragraph 49.

50. Paragraph 50 of the complaint sets forth a legal conclusion to which an answer is generally not required. To the extent that an answer is required, RRPS Defendants are without sufficient information or belief to admit or deny and therefore deny same.

51. Paragraph 51 of the complaint sets forth a legal conclusion to which an answer is generally not required. To the extent that an answer is required, RRPS Defendants are without sufficient information or belief to admit or deny and therefore deny same.

52. RRPS Defendants deny paragraph 52.

53. RRPS Defendants deny paragraph 53.

54. RRPS Defendants deny paragraph 54.

55. RRPS Defendants deny there was a failure to supervise Defendant Archuleta or take action against him. The remaining allegations of paragraph 55 set forth legal conclusions to which an answer is generally not required. To the extent an answer is required, RRPS Defendants are without sufficient information or belief to admit or deny and therefore deny same.

56. RRPS Defendants deny paragraph 56.

**JURY DEMAND**

57. RRPS Defendants admit that Plaintiffs demand a jury trial on all issues so triable.

**REQUEST FOR RELIEF**

1. RRPS Defendants deny paragraph 1.

2. RRPS Defendants deny paragraph 2.

3. RRPS Defendants deny paragraph 3.

4. RRPS Defendants deny paragraph 4.

5. RRPS Defendants deny paragraph 5.

Further, any paragraph or allegation not specifically addressed in Plaintiffs' Complaint is denied.

**AFFIRMATIVE DEFENSES**

COME NOW Defendants Rio Rancho Public Schools and Board of Education hereby assert the following affirmative defenses:

**FIRST AFFIRMATIVE DEFENSE**

Any damages sustained by Plaintiffs were directly caused by the actions or inactions of third parties for whom RRPS Defendants are not responsible.

**SECOND AFFIRMATIVE DEFENSE**

As to Plaintiffs' negligence claims, Defendants Rio Rancho Public Schools and Board of Education state that if they are or were negligent, which is specifically denied, the negligence of all parties whether named or unnamed in this lawsuit should be compared and contrasted and negligence apportioned accordingly.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiffs have failed to set forth any claim that can be advanced against RRPS Defendants pursuant to the Tort Claims Act.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred in whole or in part pursuant to the New Mexico Tort Claims Act.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiffs have failed to state a claim against RRPS Defendants for which relief may be granted.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiffs are precluded from the recovery of punitive damages and pre-judgment interest on their state tort claims pursuant to the Tort Claims Act.

WHEREFORE, the RRPS Defendants have answered Plaintiffs' Complaint in full, have asserted their affirmative defenses, and respectfully request dismissal of Plaintiffs' claims against the RRPS Defendants with prejudice, an award of attorney fees and costs, and such other relief as the Court deems just and as allowed by law.

Respectfully submitted:

**WALZ AND ASSOCIATES, P.C.**

 */s/ Jerry A. Walz*
JERRY A. WALZ
*Attorney for RRPS Defendants*
133 Eubank Blvd. NE
Albuquerque, NM 87123
Phone: (505) 275-1800
jerryawalz@walzandassociates.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 13th day of May, 2021, I filed the foregoing electronically through the CM/ECF system, which caused all parties or counsel to be served by electronic means, as more fully reflected in the Notice of Electronic Filing.

*/s/ Jerry A. Walz*
JERRY A. WALZ