## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**MARK MONDRAGON o/b/o**
**D.M. a minor child,**

      **Plaintiffs,**

                                     **Case No. 1:21-cv-00427 KK/JHR**

**vs.**

**RIO RANCHO PUBLIC SCHOOLS,**
**BOARD OF EDUCATION and**
**GEORGE ARCHULETA in his**
**Individual and official capacity,**

      **Defendants.**

### JOINT MOTION TO CONSOLIDATE

COME NOW the parties and hereby move pursuant to Fed. R. Civ. P. 42(a) for consolidation of this case with two subsequently filed actions entitled: *Montoya v. Rio Rancho Public Schools Board of Education and George Archuleta*, Case No. 1:21-cv-00648-KK-JHR and *Salazar v. Rio Rancho Public Schools Board of Education, George Archuleta and John Doe*, Case No. 1:21-cv-00751-KK-JHR. In each of the three cases, all defendants are the same and are represented by the same counsel. Each of the three Plaintiffs are represented by the same counsel and allege similar injuries. The parties have agreed to and have been engaged in consolidated discovery. All counsel to this litigation request the granting of the motion, and join in the motion.

### Introduction and Overview

The parties move this Court for an order consolidating the present case with the cases captioned as: *Montoya v. Rio Rancho Public Schools Board of Education and George Archuleta*, Case No. 1:21-cv-00648-KK-JHR and *Salazar v. Rio Rancho Public Schools Board of Education, George Archuleta and John Doe*, Case No. 1:21-cv-00751-KK-JHR, for the purposes of pre-trial proceedings and trial only. The parties do not request a consolidation of judgments or rights to

appeal. See generally *Hall v. Hall*, 138 S.Ct. 1118, 1125, 200 L.Ed.2d 399 (2018) (consolidation does not completely merge the constituent cases into one, but instead enables more efficient case management while preserving the distinct identities of the case and rights of the separate parties in them).

Each of the three cases involve allegations of civil rights violations by Defendant George Archuleta arising out of alleged improper touching of students at V. Sue Cleveland High School. The cases also allege violations of the New Mexico Tort Claims Act against both Defendant Archuleta and Defendant RRPS, and all cases involve similar facts and similar allegations of the Defendants' conduct.

## Legal Standard

Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). consolidation is a question of convenience and economy in judicial administration, and the court is given broad discretion to decide whether consolidation under Rule 42(a) would be desirable, and the district judge's decision inevitably is highly contextual. *See* Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, Richard L. Marcus & Adman N. Steinman, Federal Practice & Procedure, Civil § 2383 at 26-31 (3d ed. 2008). The consolidation of actions for trial which appear to be of like nature and concern themselves with the same or similar questions rests within the sound discretion of the trial court, and its action thereon will not be disturbed on appeal except for an abuse of discretion. *Skirvin v. Mesta*, 141 F.2d 668, 672-73 (10th Cir. 1944).

2

**Legal Argument**

**A. Common Questions of Law and Fact Make These Cases Appropriate for Consolidation.**

Rule 42 (a) permits a district court to consolidate separate actions when they involve "a common question of law and fact." Fed. R. Civ. P. 42(a). Even if there are some questions that are not common, consolidation is not precluded. *Central Motor Co. v. United States*, 583 F.2d 470, 488 (10th Cir. 1978).

Common questions of law and fact abound here. Each case alleges violations of the respective Plaintiffs' Fourth Amendment Rights and violations of the New Mexico Tort Claims Act. Each case arises out of searches conducted by Defendant George Archuleta, a security guard at V. Sue Cleveland High School, which Plaintiffs allege were improper and sexually inappropriate. As all of the Plaintiffs' claims arise from similar factual situations, the cases involve the same witnesses and evidence; namely, the circumstances surrounding alleged improper searches by Defendant George Archuleta, what was witnesses by the parties, the claimants' classmates, administrators, as well as the relevant RRPS customs, practices and policies. The parties during this litigation have agreed to and have engaged in unsolicited discovery practice.

Based on the foregoing, these cases are particularly appropriate for consolidation.

**B. This Court has Broad Discretion in Ordering Consolidation.**

The Court has broad discretion in choosing whether to consolidate cases. *Gillette Motor Transp., Inc. v. N. Okla. Butne Co.,* 179 F.2d 711 (10th Cir. 1950). "A district court's decision under Rule 42(a) is purely discretionary." *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985) citing *In re Air Crash*, 549 F.2d at 1013; *Whiteman v. Pitrie*, 220 F.2d 914, 917-918 (5th Cir. 1955). "In exercising its discretion, the court must determine… whether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent

adjudication of common factual and legal issues, the burden on the parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expenses to all concerned of the single-trial, multiple-trial alternatives." *Id*. citing *Arnold v. Eastern Air Lines, Inc.*, 681 F.2d 186, 193 (4th Cir. 1983).

Consolidation of these three cases offers efficiency, convenience, and cost-savings to all parties and the Court in these cases in that it will prevent duplicative discovery and related discovery motions involving the Court, providing convenience and economy. Consolidation will serve to conserve judicial resources and prevent contrary findings of law and fact in relation to the same or similar sets of circumstances. One trial will save time and avoid unnecessary costs to the parties, witnesses, and the Court. Consolidation will not delay the disposition of this case and will minimize delays as the parties will not be forced to perform duplicitous tasks on multiple occasions to bring the cases forward.

### Conclusion

WHEREFORE, the parties respectfully request this Court order consolidation of the present case with cases *Montoya v. Rio Rancho Public Schools Board of Education and George Archuleta*, Case No. 1:21-cv-00648-KK-JHR and *Salazar v. Rio Rancho Public Schools Board of Education, George Archuleta and John Doe*, Case No. 1:21-cv-00751-KK-JHR and order such other and further relief as the Court deems appropriate.

Respectfully submitted,

WALZ AND ASSOCIATES, P.C.

*/s/ Jerry A. Walz*
JERRY A. WALZ, ESQ.
ALISHA L. WALZ, ESQ.
*Attorneys for RRPS Defendants*
133 Eubank Blvd. NE
Albuquerque, NM 87123
Phone: (505) 275-1800
jerryawalz@walzandassociates.com
awalz@walzandassociates.com

QUIÑONES LAW FIRM LLC

*/s/ Carlos M. Quiñones, Esq.*
CARLOS M. QUIÑONES, ESQ.
Attorney for Defendant Archuleta
1223 S. Saint Francis Dr., Ste. C
Santa Fe, NM 87505
(505) 992-1515
quinoneslaw@cybermesa.com

BOWLES LAW FIRM

*/s/ Jason Bowles, Esq.*
JASON BOWLES, ESQ.
4811 Hardware Drive, Bldg. D, Suite 5
Albuquerque, NM 87109
(505) 217-2680
bowles@bowles-lawfirm.com

---and---
GORENCE LAW FIRM, LLC
ROBERT GORENCE, ESQ.
300 Central Avenue SW, Suite 1000E
Albuquerque, NM 87102
505-244-0214
gorence@golaw.us

---and---

TODD J. BULLION, ESQ.
4811 Hardware Drive, Bldg. D, Suite 5
Albuquerque, NM 87109
(505) 452-7674
todd@bullionlaw.com
*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 7th day of December, 2022, I filed the foregoing electronically through the CM/ECF system which caused all parties of record to be served by electronic mail, as more fully reflected in the Notice of Electronic Filing.

*/s/ Jerry A. Walz*
Jerry A. Walz, Esq.