# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**MARK MONDRAGON, o.b.o. D.M.,**
**a minor child,**

      **Plaintiffs,**

**vs.**                                                  **Case No. 1:21-cv-00427 KK/JMR**

**RIO RANCHO PUBLIC SCHOOLS BOARD OF EDUCATION and**
**GEORGE ARCHULEETA, in his individual and official capacity,**

      **Defendants.**

**and**

**SARAH MONTOYA, o.b.o L.M.,**
**a minor child,**

      **Plaintiffs,**

**vs.**                                                  **Case No. 1:21-cv-00648 KK/JMR**

**RIO RANCHO PUBLIC SCHOOLS BOARD OF EDUCATION and**
**GEORGE ARCHULEETA, in his individual capacity,**

      **Defendants.**

**and**

**ANGELA SALAZAR, o.b.o J.M.,**
**a minor child,**

      **Plaintiffs,**

**vs.**                                                  **Case No. 1:21-cv-00751 KK/JMR**

**RIO RANCHO PUBLIC SCHOOLS BOARD OF EDUCATION, and**
**GEORGE ARCHULEETA, in his individual capacity, and**
**JOHN DOE # 1, in his individual capacity,**

      **Defendants.**

**DEFENDANTS ARCHULETA'S AND
RIO RANCHO PUBLIC SCHOOLS BOARD OF EDUCATION'S
JOINT MOTION AND MEMORANDUM FOR SUMMARY JUDGMENT
ON THE BASIS OF GOVERNMENTAL IMMUNITY**

COMES NOW Defendant George Archuleta ("Defendant Archuleta"), by and through counsel, Quiñones Law Firm LLC (Carlos M. Quiñones, Esq.), and Defendant Rio Rancho Public Schools Board of Education ("Defendant Rio Rancho Public Schools"), by and through counsel, Jerry A. Walz and Alisha Walz, Walz and Associates, P.C., and pursuant to Fed. R. Civ. P. 56 and D.N.M.LR-Civ. 56.1, hereby moves for summary judgment on the grounds that Defendants Archuleta and Rio Rancho Public Schools are immune from liability under the New Mexico Tort Claims Act.

Pursuant to D.N.M.LR-Civ. 7.1(a), Defendants Archuleta and Rio Rancho Public Schools contacted Plaintiffs' counsel, who opposes this motion.

## Introduction

Plaintiffs Mark Mondragon o.b.o. D.M., Sarah Montoya o.b.o. L.M., and Angela Salazar o.b.o. J.M. (hereinafter collectively referred to as "Plaintiffs" but otherwise individually) filed their separate lawsuits in state court on March 15, 2021; June 10, 2021; and June 29, 2021 respectively.  (*See* "D.M. Complaint" [Doc. 1] in *Mondragon* case; "L.M. Complaint" [Doc. 1] in *Montoya* case; and "J.M. Complaint" [Doc. 1] in *Salazar* case (hereinafter collectively referred to as "Complaints").  These lawsuits were removed to federal court by Defendant George Archuleta and were consolidated on December 8, 2022.

Plaintiffs allege that their minor sons, D.M., L.M., and J.M., who were all students at V. Sue Cleveland High School, were subjected to searches by school security guard Defendant George Archuleta, who is employed by Defendant Rio Rancho Public

Schools.  D.M. Complaint, ¶¶ 5-9; L.M. Complaint, ¶¶ 4, 5, 8; J.M. Complaint, ¶¶  4, 5,

9.  It is alleged that Defendant Archuleta, while conducting pat-down searches, touched,

fondled, and/or groped the Plaintiff students' genitals and buttocks.  D.M. Complaint, ¶¶

9, 13; L.M. Complaint, ¶ 8; J.M. Complaint, ¶ 9.   It is alleged that Defendant Archuleta

verbally harassed and demeaned D.M. and would follow D.M. through the halls and stare

at his buttocks.  D.M. Complaint, ¶¶ 10, 11.  It is further alleged that one or more un-

named and unidentified security guards would observe J.M. as he was using the school

rest room and would stare at J.M.'s genitals as he urinated.  J.M. Complaint, ¶¶ 22, 24.

Plaintiffs bring four identical claims:  In Count I of their respective Complaints,

Plaintiffs assert a claim against Defendant Archuleta in his individual capacity under 42

U.S.C. § 1983 for alleged illegal search and seizure in violation of the Fourth

Amendment.  (*See* "Count I" of parallel Complaints)[1].  In Count II, Plaintiffs assert

claims under the New Mexico Tort Claims Act ("NMTCA"), Section 41-4-12, against

Defendants Archuleta and Rio Rancho Public Schools.  (*See* "Count II" of parallel

Complaints).  In Count III, Plaintiffs assert claims against Defendant Rio Rancho Public

Schools alone under Section 41-4-12 of the NMTCA, and in Count IV, Plaintiffs assert a

tort claim under NMSA § 41-4-6 against Defendants Archuleta and Rio Rancho Public

Schools.  (*See* "Count IV" of parallel Complaints).

Defendants Archuleta and Rio Rancho Public Schools now move for summary

judgment on all tort claims brought against them on the basis of governmental immunity.

The undisputed material facts in the record show that there is no waiver of immunity

---

[1]  By separate pleading filed contemporaneously with this motion, Defendant George
Archuleta moves for summary judgment on the basis of qualified immunity on all claims
brought pursuant to 42 U.S.C. § 1983 in Count I.

under either Sections 41-4-12 or 41-4-6 and that Defendants Archuleta and Rio Rancho Public Schools are entitled to judgment as a matter of law.  There are no facts in the record to show that Defendant Archuleta, or Defendant Rio Rancho Public Schools, or any John Doe, is a law enforcement officer as that term is defined under the NMTCA. Further, there are no facts in the record to show that there exists a dangerous condition on the premises of the V. Sue Cleveland school or that Defendant Rio Rancho Public Schools ever had any notice of such a dangerous condition on its premises.  As a matter of law, summary judgment should be granted in favor of George Archuleta and Rio Rancho Public Schools on Counts II, III, and IV.

### Statement of Material Facts

Defendants Archuleta and Rio Rancho Public Schools have submitted a joint Statement of Material Facts at Doc. 65.

### Standard of Review

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A fact is material if it could have an effect on the outcome of the suit and a dispute over a material fact is "genuine if a rational jury could find in favor of the nonmoving party on the evidence presented." *Smothers v. Solvay Chemicals, Inc*., 740 F.3d 530, 538 (10th Cir. 2014).

Defendants Archuleta and Rio Rancho Public Schools bear the initial burden of showing the absence of evidence to support Plaintiffs' claims. *Munoz v. St. Mary-Corwin Hosp*., 221 F.3d 1160, 1164 (10th Cir. 2000).  Once that burden is met, the burden shifts to Plaintiffs who must show that genuine issues of material fact remain

for trial through "reference to affidavits, deposition transcripts, or other exhibits to support the claim." *See Serna v. Colorado Dep't of Corr.*, 455 F.3d 1146, 1151 (10th Cir. 2006); *Shapiola v. Los Alamos Nat'l Lab.*, 992 F.2d 1033, 1036 (10th Cir. 1993); Fed. R. Civ. P. 56(c)(1)(A).  Because Defendants do not bear the burden of persuasion at trial, Defendants "need not negate" Plaintiffs' claims in Counts II, III, and IV. *Shulenberg v. BNSF Railway Co.*, 911 F.3d 1276, 1286 (10th Cir. 2018).  Defendants "may make [their] prima facie demonstration simply by pointing out to the court a lack of evidence for the nonmovant on an essential element of the nonmovant's claim." *Id.*

        In deciding this summary judgment motion, the Court must view the facts in the light most favorable to the Plaintiffs and draw all reasonable inferences in their favor.  *Shero v. City of Grove*, 510 F.3d 1196, 1200 (10th Cir. 2007).  But if Plaintiffs fail to make a sufficient showing on an essential element of each of their cases, and on which they have the burden of proof at trial, Defendants are "entitled to a judgment as a matter of law."  *Celotex Corp. v. Catrett,* 477 U.S. 317, 324, 106 S.Ct. 2548, 2553 (1986).

### The New Mexico Tort Claims Act

        The New Mexico Tort Claims Act shields both governmental entities and public employees from liability for torts except when immunity is specifically waived in the Act.  *Wittkowski v. State*, 103 N.M. 526, 529, 710 P.2d 93, 96 (Ct. App.1985), *overruled on other grounds.*  The New Mexico Tort Claims Act attempts to balance two important but conflicting public policies.  *Cobos v. Dona Ana Cnty. Hous. Auth.*, 1998-NMSC-049, 126 N.M. 418, 970 P.2d 1143.  After the New Mexico Supreme Court rejected common law sovereign immunity in *Hicks v. State*, 1975-NMSC-056, 88 N.M. 588, 544 P.2d 1153, the legislature sought to limit governmental liability so that "'government should

not have the duty to do everything that might be done.'" *Cobos,* 1998-NMSC-049 at ¶ 6 (*citing* NMSA 1978, § 41-4-2(A)).

However, the legislature also desired to compensate those injured by the negligence of public employees and to impose duties of reasonable care. *Id.* ("The legislature recognizes the inherently unfair and inequitable results which occur in the strict application of the doctrine of sovereign immunity"). Therefore, the legislature granted governmental entities and employees a general immunity from tort liability, which was waived only in very specifically defined circumstances. *Id.* These waivers are found in the Tort Claims Act, §§ 41-4-5 to 41-4-12. *Id.* Only if the circumstances are present as set forth in these sections may liability result. *Id.*

The Tort Claim Act's "provisions purporting to waive governmental immunity are strictly construed," *Rutherford v. Chaves County,* 2003-NMSC-010, ¶ 11, 133 N.M. 756, 69 P.3d 1199, and "[t]he right to sue and recover is therefore specifically limited to the rights, procedures, limitations, and conditions of the Act." *M.D.R. v. N.M. Human Serv. Dept.,* 1992-NMCA-082, ¶ 3, 114 N.M. 187, 188, 836 P.2d 106, 107.

<div align="center">

**Argument**

</div>

**A. Defendants Archuleta and Rio Rancho Public Schools are entitled to summary judgment on Count II of the respective Complaints because the undisputed material facts show that no Defendant is a "law enforcement officer" as that term is defined under the NMTCA and as a matter of law there is no waiver of governmental immunity under Section 41-4-12.**

In Count II of their parallel Complaints, Plaintiffs assert a tort claim against Defendants Archuleta and Rio Rancho Public Schools pursuant to Section 41-4-12 of the Tort Claims Act which provides that the immunity granted under the Act is waived for:

> assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel,

<div align="center">6</div>

> slander, defamation of character, violation of property rights or deprivation of any rights, privileges or immunities secured by the constitution and laws of the United States or New Mexico when caused by law enforcement officers while acting within the scope of their duties.  NMSA 1978, § 41-4-12.[2]

"Law enforcement officer" is statutorily defined as a "full-time salaried public employee of a governmental entity, or a certified part-time salaried police officer employed by a governmental entity, whose principal duties under law are to hold in custody any person accused of a criminal offense, to maintain public order or to make arrests for crimes […]."  NMSA 1978, § 41-4-3(D).  "The statute does not specifically define the phrase 'maintain public order.'  But relevant caselaw provides that 'for an employee to fall within the exception for maintaining public order, that person's duties must be traditional law[-]enforcement duties that directly impact public order.'" *Hernandez v. Fitzgerald*, 840 Fed.Appx. 333, 338 (10th Cir. 2020)(*quoting Limacher v. Spivey*, 2008-NMCA-163, ¶ 15, 198 P.3d 344, 374).

The definition of law enforcement officer is strictly construed and whether employees are "law enforcement officers" under Section 41-4-12 turns on whether their principal duties, "those duties to which [they] devote a majority of their time," are of a law enforcement nature. *Rayos v. State ex rel. New Mexico Dept. of Corrections, Adult Probation and Parole Div.*, 2014-NMCA-103, ¶¶ 8, 9, 336 P.3d 428, 431 cert. granted, 2014-NMCERT-10, 339, P.3d 426; *Weinstein v. City of Santa Fe ex rel. Santa Fe Police Dep't.*, 1996-NMSC-021, ¶¶ 8, 12, 121 N.M. 646, 916 P.2d 1313.

---

[2]  Amendments to Section 41-4-12 which took effect on May 20, 2020, and September 20, 2020, have no bearing on the events underlying this case, which are all alleged to have occurred prior to those dates.

It is "well-established that the mere negligence of a law enforcement officer is insufficient to waive the tort immunity granted by [the NMTCA] unless such negligence results in one of the torts enumerated in Section 41-4-12 or a deprivation of a statutory right." *Milliron v. County of San Juan,* 2016-NMCA-096, ¶ 10, 384 P.3d 1089, 1094; *Dickson v. City of Clovis*, 2010-NMCA-058, ¶ 20, 148 N.M. 831, 836, 242 P.2d 398, 403-04 (Section 41-4-12 encompasses enumerated third-party acts that were caused by law enforcement officers while acting within the scope of their duties); *Caillouette v. Hercules, Inc.,* 1992-NMCA-008, ¶ 18, 113 N.M. 492, 827 P.2d 1306 ("[T]he negligence complained of must cause a specified tort or violation of rights; immunity is not waived for negligence standing alone.")

With regard to determining what the "principal duties under law" are for a particular governmental employee, it is appropriate look at employee duties enumerated in statutes or regulations, or to sources such as job descriptions and affidavits. *Rayos*, 2014-NMCA-103, ¶ 8, 336 P.3d 428, 431. Courts then "determine the duties upon which the employee spends the majority of his or her time (principal duties) and consider the character of those principal duties 'against the admittedly amorphous standard of the duties and activities traditionally performed by law enforcement officers.'" *Id*, at ¶ 9 (*quoting Coyazo v. State*, 1995-NMCA-056, ¶13, 120 N.M. 47, 897 P.2d 234). The inquiry is fact-specific and 'informed by a practical, functional approach as to what law enforcement entails today.'" *Hernandez*, 840 Fed.Appx. at 338 (*quoting Coyazo*, 120 N.M. 47, 897 P.2d 234, 237-39). "Traditional law-enforcement duties that directly impact public order include 'preserving the public peace, preventing and quelling public disturbances, and enforcing state laws, *including but not limited to* the power to make

arrests for violation of state laws.'" *Id*, (*quoting Limacher*, 198 P.3d at 376 )(emphasis in original).

The undisputed facts in this case show that Defendant George Archuleta, as a "campus security aide" at V. Sue Cleveland High School, was not a "law enforcement officer" under Section 41-4-12. George Archuleta's job title was "campus security aide." Undisputed Material Fact ("UMF") 7. As a campus security aide, Mr. Archuleta's principal job duties, those duties to which he devoted a majority of his time to, are set forth in his job description as "Essential Job Responsibilities." UMF 8. None of the "Essential Job Responsibilities" of a campus security aide – as listed on the campus security aide job description - include the duty to "hold in custody any person accused of a criminal offense," or "to make arrests for crimes." UMF 8.

No-where in Mr. Archuleta's job description as a campus security aide did Mr. Archuleta have the principal duty under law to make arrests or to detain persons accused of crimes. As a campus security aide, Mr. Archuleta's principal duties did not constitute maintaining public order and/or making arrests, and Mr. Archuleta was never armed and was not authorized to use force absent exigent circumstances. UMF 8, 26. Rio Rancho Public Schools campus security aides do not hold themselves out to be law enforcement officers and do not have the power or authority vested to law enforcement officers pursuant to federal, state, or local laws. UMF 8, 26.

Furthermore, the undisputed facts show that a campus security aide's job responsibilities **are not** of a traditional law enforcement nature that directly impact public order. *Hernandez v. Fitzgerald*, 840 Fed.Appx. at 338; *Vigil v. Martinez*, 113 N.M. 714, 721, 832 P.2d 405, 412 (N.M.Ct.App. 1992)(courts are to construe "maintain

public order" as traditionally interpreted in the law enforcement context […] in the same sense that police officers, sheriff's deputies, and other traditional law enforcement officers are said to maintain public order).  The undisputed facts show that a campus security aide's principal duties and responsibilities which they spend a majority of their time on include patrolling school facilities and monitoring student activities on campus, assisting in enforcement of school rules, assisting in supervision of crowds, assisting with searches, and monitoring and directing traffic in and out of school grounds.  UMF 8.

Patrolling a school campus, monitoring student activity on campus, assisting with enforcement of school rules, or with searches on campus, or with crowds or traffic on campus are not the type of "traditional" law enforcement duties that directly impact public order.  *See Limacher*, 198 P.3d at 376 (preserving the public peace, or preventing or quelling public disturbances).  These principal duties are all limited to the confines of a school campus.  Accordingly, campus security aides simply do not directly impact the general public order and are "not maintaining *public* order in the same sense that police officers, sheriff's deputies, and other traditional law enforcement officers are said to *maintain public order*."  *Vigil v. Martinez*, 113 N.M. 7 at 721, 832 P.2d 405, 412 (emphasis supplied).

The undisputed facts show that as a matter of law a campus security aide at V. Sue Cleveland High School is not a law enforcement officer as that term is defined under the NMTCA.  Accordingly, Defendant George Archuleta and any unidentified John Doe campus security aide are not law enforcement officers. Further, as a matter of law, Defendant Rio Rancho Public Schools does not come within the statutory definition of

"law enforcement officer" under the NMTCA because it is not a "full-time salaried public employee." *Dunn v. McFeeley*, 127 N.M. 513, 519, 984 P.2d 760, 766 (N.M.Ct.App. 1999).

Lastly, to the extent that Plaintiffs assert a claim in Count II of their respective Complaints that Defendant Archuleta "seized [minor Plaintiffs] in violation of [their] rights under Article 2 of the New Mexico Constitution," such a claim is devoid of merit. D.M. Complaint, ¶ 39; L.M. Complaint ¶ 35; J.M. Complaint, ¶ 44.  It is well settled that a plaintiff may not sue a governmental entity or its employees arising out of alleged violations of rights under the New Mexico Constitution unless the NMTCA contains a waiver of immunity.  *See Barreras v. N.M. Corr. Dep't,* 2003–NMCA–027, ¶ 24, 133 N.M. 313, 319, 62 P.3d 770, 776 ("In the absence of affirmative legislation, the courts of this state have consistently declined to permit individuals to bring private lawsuits to enforce rights guaranteed by the New Mexico Constitution, based on the absence of an express waiver of immunity under the Tort Claims Act."); *Chavez v. City of Albuquerque,* 1998–NMCA–004, 124 N.M. 479, 482, 952 P.2d 474, 477 (noting that a plaintiff cannot seek damages for violations of rights under the New Mexico Constitution against a city or its employees or agents unless the NMTCA waives immunity); *Begay v. State,* 104 N.M. 483, 488, 723 P.2d 252, 257 (Ct. App. 1985), *rev'd on other grounds,* 104 N.M. 375, 721 P.2d 1306 (1986) (finding that no waiver existed in TCA for suit under Article II, § 11 of the New Mexico Constitution).  If no specific waiver can be found in the NMTCA, a plaintiff's claim against the governmental entity or a public employee for an alleged state constitutional violation must be dismissed.  Again, there is no waiver of immunity under

Section 41-4-12 because the undisputed facts are that no Defendant is a law enforcement officer as that term is defined under the New Mexico Tort Claims Act.

Defendants Archuleta and Rio Rancho Public Schools are entitled to summary judgment as a matter of law on all claims asserted under Section 41-4-12 in Plaintiffs' Count II.

**B. Defendant Rio Rancho Public Schools is entitled to summary judgment on Count III of the respective Complaints because the undisputed material facts show that no Defendant is a "law enforcement officer" as that term is defined under the NMTCA and without an alleged negligent law enforcement officer, as a matter of law there is no supervisory liability and no waiver of governmental immunity under Section 41-4-12.**

Plaintiffs' Count III in their respective Complaints alleges that Rio Rancho Public Schools was responsible for the hiring, training, supervision and retention of Defendant Archuleta and was negligent in its supervision of Defendant Archuleta and is therefore liable under Section 41-4-12 of the NMTCA. *See* D.M. Complaint, ¶¶ 42, 44, 45; L.M. Complaint ¶¶ 38, 40, 41; J.M. Complaint, ¶¶ 47, 49, 50.

Defendant Rio Rancho Public Schools is entitled to summary judgment on this claim as a matter of law because the undisputed material facts show that there are no negligent employees who meet any of the waiver exceptions under the NMTCA. As demonstrated above, the undisputed facts show there is no supervising law enforcement officer as that term is statutorily defined and there is no subordinate law enforcement officer. *See McDermitt v. Corrections Corp. of America*, 1991-NMCA-034, ¶ 7, 112 N.M. 247, 249, 814 P.2d 115, 117 (N.M.Ct.App.1991)(citing *Ortiz v. New Mexico State Police*, 1991-NMCA-031, ¶ 14, 112 N.M. 249, 252, 814 P.2d 117, 120 (N.M.Ct.App. 1992); *Lymon v. Aramark Corp.*, 728 F.Supp.2d 1222, 1271 (D.N.M. 2010)(allegedly

negligent employees do not meet any of the waiver exceptions, and therefore no underlying liability exists on which to impose vicarious liability).

Defendant Rio Rancho Public Schools is entitled to summary judgment on this claim as a matter of law because the undisputed material facts show that there are no negligent employees who meet any of the waiver exceptions under the NMTCA.

**C. Defendant Archuleta is entitled to summary judgment as a matter of law on Count IV of the respective Complaints because the undisputed material facts show that Mr. Archuleta is not a governmental entity and that Mr. Archuleta's alleged conduct was intentional and not negligent; there is no waiver of governmental immunity under Section 41-4-6.**

Plaintiffs' Count IV in their respective Complaints seeks to assert liability under Section 41-4-6 of the NMTCA alleging that Rio Rancho Public Schools and George Archuleta were negligent in providing security and in providing a safe environment for students, in that Mr. Archuleta harassed, groped, fondled or touched D.M., L.M., and J.M.   *See* D.M. Complaint, ¶¶ 49-53; L.M. Complaint ¶¶ 45-49; J.M. Complaint, ¶¶ 54-59.  It is alleged that while a security guard at the V. Sue Cleveland High School, Mr. Archuleta conducted pat-down searches of Plaintiffs and touched their genitals and buttocks.  *Id.*  Plaintiffs characterize Mr. Archuleta's conduct as "battery" and "sexual abuse" and allege that Mr. Archuleta's "actions were willful, wanton and malicious […]." D.M. Complaint, ¶¶ 17, 21, 28, 32, 38, 45; L.M. Complaint ¶¶ 13, 18, 28, 34, 41; J.M. Complaint, ¶¶ 15, 21, 37, 43.

Pursuant to Section 41-4-6, the immunity granted under the NMTCA "does not apply to liability for damages resulting from bodily injury, wrongful death or property damage caused by the *negligence of public employees* while acting within the scope of their duties in the operation or maintenance of any building […]."  N.M.S.A. 1978, § 41-

4-6(A)(emphasis supplied). The waiver found in Section 41-4-6 for negligent operation

or maintenance of a building incorporates traditional concepts of premises liability found

in New Mexico common law and "the facts of a case will support a waiver under Section

41-4-6(A) if they would support a finding of liability *against a private property owner*."

*Encinas v. Whitener Law Firm, P.A.,* 2013-NMSC-045, ¶¶ 9, 15, 310 P.3d 611, 616, 618

(emphasis supplied).   Accordingly, Section 41-4-6 "allows individual claims *against*

*governmental entities* that are based on '*the negligence of public employees* while acting

within the scope of their duties in the operation or maintenance of any building […].'"

*Upton v. Clovis Mun. Sch. Dist*., 2006-NMSC-040 ¶ 8, 140 N.M. 205, 207, 141 P.3d

1259, 1261 (emphasis supplied)(*quoting* N.M.S.A. 1978, § 41-4-6); *Sanders v. N.M.*

*Corrections Dept*., 2023-NMCA-030 ¶ 9, 528 P.3d 716, 720 (building waiver in 41-4-6

permits tort claims *against governmental entities*); *Castillo v. County of Santa Fe*, 1988-

NMSC-037 ¶ 3, 105 N.M. 204, 206, 755 P.2d 48, 49 (Section 41-4-6 waives immunity

"where due to the alleged *negligence of public employees*").   As New Mexico law makes

clear, Section 41-4-6 only waives governmental immunity for tort claims brought against

a governmental entity property owner or operator where the claims are based upon the

negligence of a public employee.  *See also Trujillo v. Salazar*, 2006 WL 1228827, *9

(D.N.M. March 1, 2006)(Browning, J.)("As long as the injury resulted from the negligent

operation of a public property, then a negligent operation claim is valid.")

The undisputed material facts are that George Archuleta is not a "governmental

entity" under the NMTCA, which defines that term to include the state of New Mexico or

state agency, or any local public body.  N.M.S.A. 1978, § 41-4-3(B).  Additionally, the

gravamen of Plaintiffs' negligent operation claim against Defendant Archuleta in Count

IV is not that Mr. Archuleta himself was negligent, but that Mr. Archuleta engaged intentional conduct by willfully, wantonly and maliciously, sexually abusing, groping, and battering D.M., L.M., and J.M.  Plaintiffs claim is that Mr. Archuleta's intentional conduct was the "dangerous condition" on the premises of the V. Sue Cleveland High School in that he "posed a risk of danger" to students at the high school.  D.M. Complaint, ¶ 54; L.M. Complaint ¶ 50; J.M. Complaint, ¶ 60.

Summary judgment should be granted in favor of Defendant Archuleta on Count IV because the undisputed facts in the record do not show that Mr. Archuleta's own negligence created an unsafe, dangerous, or defective condition on the premises.  *Trujillo v. Salazar*, 2006 WL 1228827, *9 (summary judgment granted on Section 41-4-6 claims brought directly against employee alleged to have assaulted, battered, and harassed co-employee).

**D.  Defendants are entitled to summary judgment as a matter of law on Count IV of the respective Complaints because the undisputed material facts show that Rio Rancho Public Schools had no knowledge of a dangerous condition on the premises of V. Sue Cleveland High School and there is no waiver of governmental immunity under Section 41-4-6.**

Plaintiffs' Count IV in their respective Complaints seeks to assert liability under Section 41-4-6 of the NMTCA alleging negligence in providing security and in providing a safe environment for students.  *See* D.M. Complaint, ¶¶ 49-53; L.M. Complaint ¶¶ 45-49; J.M. Complaint, ¶¶ 54-59.  The undisputed material facts make clear that Defendants are entitled to summary judgment as a matter of law on Plaintiffs' claims in Count IV as Plaintiffs cannot show the existence or knowledge of, at any time, an "unsafe, dangerous, or defective condition" on Rio Rancho Public Schools' premises.  Further, Plaintiffs cannot show the existence of a foreseeable risk to the individual Plaintiffs or anyone else

from Defendant Archuleta or any Campus Security Aide as defined by case authority cited herein.

"For a waiver of immunity to occur under Section 41-4-6, a defendant's negligent operation or maintenance must create a dangerous condition that threatens the general public or a class of users on the property in question;" the "dangerous condition" need not be a physical condition. *Smith v. New Mexico*, 2020 WL 6702018, *3 (D.N.M. November 13, 2020)(Fouratt, M.J.)(emphasis in original; quotations omitted)(*quoting Upton v. Clovis Mun. Sch. Dist.*, 140 N.M. 205, 207, 41 P.3d 1259, 1261 (N.M. 2006).

"Underlying the decisions of New Mexico appellate courts is a persistent and recurrent principle — for waiver to apply under Section 41-4-6, the government, *prior to the disputed injury*, must have known or should have known of the alleged dangerous condition that threatened the public or a class of users." *Smith*, 2020 WL 6702018, *6 (emphasis supplied)(*citing Encinas*, 2013-NMSC-045, ¶ 17, 310 P.3d 611, 619; *Upton*, 140 N.M. 205, 208, 41 P.3d at 1262); *see also Callaway v. New Mexico Dept. of Corrections*, 1994-NMCA-049 ¶ 19, 875 P.2d 393, 399 (for Section 41-4-6 waiver to apply, public employees knew or should have known of the danger posed by the condition).

In *Upton v. Clovis Mun. Sch. Dist.*, 140 N.M. 205, 141 P.3d 1259, the Supreme Court of New Mexico similarly focused on the requirement of knowledge and foreseeability under Section 41-4-6 regarding the death of an asthmatic student who was required "to participate in a higher level of exercise than normal, even after the school *had been notified* of her special medical needs." *Upton*, 140 N.M. at 210, 141 P.3d at 1264 (emphasis supplied). The Court noted that the school ignored known information

about the student's medical condition which "led to the school actively participating in causing the asthma attack by forcing [the student] to do more exercise than she was supposed to do," thus creating "a *foreseeable risk* that such a health emergency will occur." *Id* (emphasis supplied). This negligent conduct, coupled with the school's failure to follow through with proper emergency procedures, "exacerbated the problem caused by its previous negligent actions" and "combined to create the dangerous condition." *Id,* at 13, 21, 141 P.3d at 1262, 1264 ("Safety procedures are particularly vital for those students known to have special needs and special risks.").

The federal district court in *Smith v. New Mexico* focused on knowledge and foreseeability in dismissing claims brought under Section 41-4-6 by a prisoner who was allegedly sexually assaulted by a corrections employee. *Smith*, 2020 WL 6702018, **2, 6. The *Smith* court concluded that "Plaintiff's failure to plausibly allege that State Defendants had notice is fatal" to her Section 41-4-6 claim, noting that there were no allegations that the alleged assailant "had a known reputation for engaging in sexual misconduct" and no allegations that he had "ever engaged in prior improper behavior of any kind." *Id* at * 7.

Defendants are entitled to summary judgment on Count IV because the undisputed material facts show that there was no known dangerous condition on the premises of V. Sue Cleveland High School because George Archuleta was not known by Rio Rancho Public Schools to be a danger to anyone. The undisputed material facts are that Defendant Rio Rancho Public Schools never had any knowledge or notice that George Archuleta was ever accused of improperly touching or groping any student during a pat-down search. UMF 27, 29, 32, 34. Defendant had no knowledge or notice that Mr.

Archuleta had ever been accused by anyone, student or non-student, of sexual misconduct or groping or fondling. UMF 27, 29, 32, 34. And Defendant had no knowledge or notice that Mr. Archuleta posed a threat to any student or any person. UMF 27, 29, 32, 34.

Plaintiff D.M. never told his parents, never told Millan Baca, and never told any school staff member that Mr. Archuleta had ever touched D.M.'s genitals, or groped his penis or buttocks, and never told anyone that he had been verbally harassed or demeaned. UMF 67-71. And Plaintiff L.M. never made any protest or complaint to any Rio Rancho Public Schools administrator that Mr. Archuleta's conduct was inappropriate, or that Mr. Archuleta had ever fondled his genitals. UMF 81, 82.

Even though Plaintiff J.M. testified that he believes he informed Principal Affentranger that Mr. Archuleta had engaged in inappropriate misconduct of a sexual nature, there are no facts in the record to show that J.M. ever told anyone at Rio Rancho Public Schools that Mr. Archuleta had specifically touched J.M.'s left testicle or had grabbed J.M.'s crotch. When given multiple opportunities to describe "exactly" what he had specifically told Mr. Affentranger, J.M.'s sworn testimony is that he merely told the principal that "some really weird and off-putting things" had occurred, that something went on "outside the guidelines of how a security guard is supposed to perform a search," and that during the pat-down Mr. Archuleta "was getting really high on the thigh area." UMF 97-99. J.M.'s vague descriptions of conduct are insufficient as a matter of law to show that Defendant Rio Rancho Public Schools ever had actual knowledge or any notice whatsoever of improper sexual touching by Mr. Archuleta against any student. *Rost ex rel. K.C. v. Steamboat Springs RE-2 School Dist.*, 511 F.3d 1114, 119 (10th Cir. 2008)(no "actual knowledge" in context of Title IX case where student reported that boys were

"bothering her"); *Plamp v. Mitchell School Dist. No. 17-2*, 565 F.3d 450, 457 (8th Cir. 2009)(evidence that student was "uncomfortable" in teacher's classroom, without articulating why she was uncomfortable, insufficient to support actual knowledge under Title IX); *Lopez v. Whirlpool Corp*., 2019 WL 2270600, *8 (D.N.D. 2019)(Reade, J.)(vague deposition testimony that co-employee was "creepy" and that supervisor asked to tell co-employee "to stay away from her" insufficient to put employer on notice of sexual harassment under Title VII).

J.M.'s testimony about what he told Principal Affentranger is insufficient as a matter of law to defeat summary judgment.  No fair reading of J.M.'s deposition testimony concerning his visit to Mr. Affentranger's office would establish that Defendant Rio Rancho Public Schools ever had actual notice of any inappropriate touching by Mr. Archuleta based on J.M.'s vague statements.  Accordingly, no rational jury could find that Rio Rancho Public Schools knew or should have known of Mr. Archuleta's alleged misconduct based upon the facts as asserted by J.M. *See Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986)(factual evidence must be significantly probative or more than merely colorable such that a jury could reasonably return a verdict for the non-moving party).

The undisputed material facts show that Plaintiffs cannot support an essential element of their claims under Section 41-4-6 in that Plaintiffs cannot show that Rio Rancho Public Schools knew or should have known of an alleged dangerous condition on its premises, that is, Campus Security Aide George Archuleta, and Plaintiffs cannot show that there was a foreseeable risk that Mr. Archuleta would ever assault Plaintiffs.  Unlike the wild and loose-running dogs in *Castillo,* or the known violent inmates in *Calloway*,

Defendant Rio Rancho Public Schools had no knowledge of any foreseeable danger on its premises at any time when Mr. Archuleta was employed as a campus security aide at V. Sue Cleveland High School. *See Castillo*, 107 N.M. at 206, 755 P.2d at 50 (Housing Authority knew or should have known of continuing problem of loose-running dogs and foreseeable danger this condition posed); *Calloway*, 1994-NMCA-049, ¶¶ 18-19, 117 N.M. at 647, 875 P.2d at 399 (Defendants knew or should have known of inmates with known propensity for violence, that such individuals created a dangerous condition on prison premises, and danger to other inmates was foreseeable).

Further, there are no facts in the record to suggest that Defendant Rio Rancho Public Schools, in the exercise of ordinary care, could have discovered that Mr. Archuleta would sexually assault any student and no facts to show that Defendant could have protected Plaintiffs from the alleged assaults. *Id*. This absence of evidence to support Plaintiffs' claims under Section 41-4-6 is fatal to their cause of action and Defendants Archuleta and Rio Rancho Public Schools are entitled to summary judgment on Count IV as a matter of law.

## Conclusion

The undisputed material facts show that Plaintiffs cannot succeed under any theory of liability under the New Mexico Tort Claims Act because they cannot show that governmental immunity has been waived. Defendants Archuleta and Rio Rancho Public Schools are entitled to summary judgment as a matter of law.

WHEREFORE, Defendants respectfully request the Court grant summary judgment in their favor on all claims asserted in Counts II, III, and IV. Defendants

further request an award of costs and fees and such other relief as the Court deems just and proper and as allowed by law.

<div style="margin-left:40%;">

Respectfully Submitted,

WALZ AND ASSOCIATES, P.C.

*/s/ Jerry A. Walz*
Jerry A. Walz, Esq.
Alisha L. Walz, Esq.
*Attorneys for RRPS Defendants*
133 Eubank Blvd NE
Albuquerque, NM 87123
(505) 275-1800
jerryawalz@walzandassociates.com

~and~

QUIÑONES LAW FIRM LLC

*/s/ Carlos M. Quiñones, Esq.*
CARLOS M. QUIÑONES, ESQ.
*Attorney for Defendant Archuleta*
1223 S. Saint Francis Dr., Ste. C
Santa Fe, NM 87505
(505) 992-1515
quinoneslaw@cybermesa.com

</div>

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 11th day of September, 2023, I filed the foregoing electronically through the CM/ECF system which caused all parties of record to be served by electronic mail, as more fully reflected in the Notice of Electronic Filing.


*/s/ Jerry A. Walz*
Jerry A. Walz, Esq.